Flaherty v. McCormick.

---

## Patrick Flaherty

### v.

## Cyrus H. McCormick et al.

Instructions—Should be accurate.—Where there is a serious conflict in the evidence, one witness being directly opposed to the other, an instruction touching the question of their credibility should state the law with accuracy and correctness.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed August 5, 1880. Re-hearing denied October 6, 1880.

This is an action of forcible detainer, commenced before a justice of the peace, to recover possession of certain premises alleged to be wrongfully withheld by appellant from appellees as the grantees of Samuel J. Walker, whom, it is claimed, the appellant accepted as his landlord, under a verbal lease, and to whom he agreed to surrender possession of the premises on request. On appeal, a trial was had in the circuit court before a jury, resulting in a verdict and judgment for appellees against appellant, who brings the case here for review, and assigns various errors, amongst others, that the court erred in giving certain instructions on behalf of plaintiffs, which are set out in the opinion of the court.

Messrs. Wallace & Mason, for appellant; that possession of the plaintiff at the time of entry must be averred and proved in this action, cited Dudley v. Lee, 39 Ill. 339; McCartney v. McMullen, 38 Ill. 237; Hassett v. Johnson, 48 Ill. 68; Thompson v. Sornberger, 78 Ill. 353; C. & St. L. R. R. Co. v. Wiggins Ferry Co. 82 Ill. 230.

In an action of forcible detainer the relation of landlord must be averred and proved: C. & St. L. R. R. Co. v. Wiggins Ferry Co. 82 Ill. 230; Dunn v. School Trustees, 39 Ill. 578.

It is not claimed that appellant went into possession under appellees or their grantor, hence he is not estopped from disclaiming their title: Jackson v. Leek, 12 Wend. 105; Franklin v. Medira, 35 Cal. 558; Washington v. Concord, 2 Humph. 562; Givens v. Mullinaux, 4 Rich. 590; Anderson v. Miller, 15 Gratt. 279.

Mr. W. T. Burgess, for appellees.

Wilson J. To establish the relation of landlord and tenant between appellees' grantor, Samuel J. Walker, and appellant,

Flaherty v. McCormick.

evidence was offered to show a verbal lease. The evidence on the part of the plaintiff was somewhat vague and indefinite, and consisted principally of the testimony of the two Walkers. H. H. Walker swears in substance that in June, 1871 he found appellant in possession of the premises, and asked him who owned them, when he was told by appellant that Samuel J. Walker was the owner, whereupon witness said to him he thought he ought to pay some rent, and appellant agreed to pay $25 a year. That witness was acting as agent for his brother, Samuel J. Walker, but did not remember whether he reported the arrangement to him. Samuel J. Walker, testifies that he went out with his brother to see the premises late in the fall of 1871 or early in 1872; that he saw appellant there and he also inquired of him who owned the premises, and upon being informed by him that Mr. Walker was the owner, he arranged with him to hold possession for Walker. He says it is impossible to give the precise conversation, but thinks the substance of it was that he told appellant he was about to sell the property and that appellant could keep possession of it free of rent if he would keep off other persons and deliver up the premises when Walker desired it, to which appellant agreed

On the other hand appellant, who was sworn as a witness in his own behalf, denied the making of either of the agreements spoken of by the Walkers, and testified that he had been in the actual occupancy of the land since 1856, about twenty years before the bringing of the suit, and that he never made any agreement with the Walkers for a lease, and never occupied the premises as any one's tenant.

In view of this conflict of evidence, the jury should have been accurately instructed as to the law of the case. The rule in this regard has been so frequently declared by the Supreme Court, as well as by this court, as to render a citation of cases unnecessary.

Here there was a serious conflict in the evidence, and the verdict of the jury depended mainly upon the credit to be given to the testimony of the Walkers on the one hand, and of appellant on the other. Any instruction touching the question of their credibility should therefore have stated the law with

accuracy and correctness. The 5th instruction given to the jury at the request of the plaintiff was as follows: "The question as to whether or not Flaherty took possession of the premises in 1856 is not material in this case, except as to the veracity of Patrick Flaherty, if the jury believes from the evidence, that Flaherty made the agreement to hold the premises as the tenant of S. J. Walker, as claimed by the plaintiff."

This instruction was improper. The veracity of appellant was not alone in question. Walker and appellant had sworn directly contrary to each other as to the making of the alleged lease, and if Walker's testimony tended to impeach appellant, appellant's testimony also tended to impeach Walker. It was oath against oath, and if the fact that appellant took possession of the premises in 1856, was a circumstance that tended to fortify his truthfulness when denying the making of a lease (for which purpose it was presumably admitted) and thereby favorably affected his veracity, it necessarily, unfavorably affected Walker's veracity when asserting the contrary. If the evidence as to the time of taking possession was inadmissible by reason of its immateriality, then it formed no proper basis upon which to predicate an instruction; if admissible as affecting the question of veracity, then it affected the veracity of both Walker and appellant. In other words, if the taking possession was a circumstance that led the jury to believe appellant told the truth, it necessarily led them to believe Walker told an untruth where they had testified contrary to each other on a given point.

Again, the instruction is incongruous and illogical. Transpose it and it reads thus: if the jury believe from the evidence that Flaherty made the agreement to hold the premises as the tenant of S. J. Walker, as claimed by the plaintiffs, the question as to whether or not Flaherty took possession of the premises in 1856 is not material in this case, except as to the veracity of Patrick Flaherty. Or more briefly, if the jury believe Flaherty made the lease, then the taking of possession is material as affecting his veracity. It would seem difficult to construct a more confused or illogical proposition. For, under the phraseology of the instruction, if the jury believe from the

evidence that appellant made the agreement, it was wholly immaterial whether he was a man of veracity or not, as their belief or disbelief is not made to depend at all upon his veracity. Such an instruction instead of enlightening the jury could only tend to bewilder and mislead them.

For the error of the court in giving the plaintiff's fifth instruction the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.